866 F.2d 805
 Jay M. MIRANDA, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and T. Allen McArtor,
Administrator, Federal Aviation Administration,
Respondents.
Patrick J. LOGAN, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and T. Allen McArtor,
Administrator, Federal Aviation Administration, Respondents.
 Nos. 88-4543, 88-4544
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 2, 1989.
 Frederic E. Zimring, Zimring and Langley, Dallas, Tex., for petitioner.
 Karen R. Bury, FAA, Office of Chief Counsel, John M. Stuhldreher, Gen. Counsel, NTSB, Washington, D.C., for respondents.
 Petitions for Review of Orders of the National Transportation Safety Board.
 Before POLITZ, KING, and SMITH, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 In the interest of judicial economy these two cases are consolidated for disposition. Both involve Southwest Airlines pilots who were sanctioned for taxiing their aircraft while passengers were standing, in violation of Federal Aviation Regulations (FAR), 14 C.F.R. Sec. 91.9. Jay Manuel Miranda and Patrick J. Logan petition for review of the National Transportation Safety Board's (NTSB) decisions affirming the Federal Aviation Administration's (FAA) rulings that they violated section 91.9. For the reasons assigned, we deny review.
 
 Background
 
 2
 On December 28, 1985, Miranda was captain of a Boeing 737 being operated as Southwest Airlines flight 419 from Tulsa to Houston. Passengers were standing in the aisle as Miranda taxied from the terminal to the runway. The Administrator of the FAA suspended Miranda's airline transport pilot's certificate for seven days for violating 14 C.F.R. Sec. 91.9 which provides that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."
 
 
 3
 Miranda appealed the order of suspension to the NTSB, denying that his conduct violated section 91.9, and asserting that he acted in accordance with Southwest Airlines procedures. The administrative law judge (ALJ) continued Miranda's hearing until the NTSB issued its decision in Administrator v. Lawson, NTSB Order No. EA-2419 (1986), reconsideration denied, NTSB Order No. EA-2466 (1987). In Lawson the NTSB ruled that taxiing with passengers standing constituted a per se violation of section 91.9.
 
 
 4
 Meanwhile, on October 24, 1985, Logan commanded a Boeing 737 operated as Southwest Airlines flight 49 from Dallas to Houston. That aircraft taxied to the runway with passengers in the aisle, and Logan's certificate was suspended for seven days for violating the strictures of section 91.9. Logan appealed to the NTSB.
 
 
 5
 In each instance the ALJ upheld the Administrator's decision. In a review which consolidated the appeals of Miranda, Logan and a third pilot, Administrator v. Miranda, Logan, and Tearney, NTSB Order No. EA-2738 (1988), the NTSB rejected the appeals and affirmed the orders of suspension. Miranda and Logan timely petitioned this court for review of the NTSB decisions.
 
 Analysis
 
 6
 Appellate review of an agency's decision is circumscribed. We may consider only whether the agency's findings and conclusions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. Sec. 706(2)(A and E). The Supreme Court has taught that:
 
 
 7
 Under the "arbitrary and capricious" standard the scope of review is a narrow one. A reviewing court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency."
 
 
 8
 Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447, 455-56 (1974) (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)); Refrigerated Transport Co., Inc. v. I.C.C., 616 F.2d 748, 751 (5th Cir.1980). We examine the contentions of Miranda and Logan, mindful of our limited scope of review.
 
 
 9
 Miranda and Logan maintain that the ALJ and Board evaluated their evidence utilizing a different standard than that used for evaluating the evidence offered by the Administrator. Stripped to essentials, this is merely a challenge to the ALJ's credibility assessments, a challenge for which there is a very narrow window of appellate scrutiny. We have made clear "that whether made by jury, judge or agency a determination of credibility is non-reviewable unless there is uncontrovertible documentary evidence or physical fact which contradicts it." N.L.R.B. v. J.M. Machinery Corporation, 410 F.2d 587, 590 (5th Cir.1969) (citations and quotations omitted). Our attention has been invited to no such evidence. We are not persuaded to reject the ALJ's credibility determinations.
 
 
 10
 Miranda and Logan next contend that the ALJ was prejudiced against them. They base this charge on the following statement made by the ALJ during the Miranda proceeding:
 
 
 11
 I recognize that the company is challenging and arguing about the FAA's position that such a thing [taxiing with passengers standing] is a violation but it is also clear that the FAA, including the Administrator himself, has made it clear to Southwest Airlines that the FAA considers this a dangerous practice, and I don't think that Southwest Airlines is the appropriate authority to decide to ignore this decision [Lawson] and to argue about it, once the decision has been made by the Administrator in charge of deciding questions of air safety.
 
 
 12
 Viewing this statement in the context of the entire hearing, we do not perceive prejudice or bias. The ALJ was merely commenting that the Lawson ruling established that taxiing while passengers were standing was a per se violation of section 91.9, and that Southwest Airlines could not simply ignore the decision. Implicit in the statement is the further advice that the ALJ's hearing was not the proper forum for an appeal of Lawson.
 
 
 13
 That the ALJ recognized his obligation to follow Board precedents is no indication that he personally was biased against Miranda or Logan, or that he favored the Administrator. We agree with our colleagues of the Tenth Circuit that "a substantial showing of personal bias is required to disqualify a hearing officer or to obtain a ruling that the hearing is unfair." Roberts v. Morton, 549 F.2d 158, 164 (10th Cir.1976), cert. denied sub nom. Roberts v. Andrus, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977) (citation omitted). No such showing has been made. The records reflect that the ALJ conducted both hearings fairly and impartially.
 
 
 14
 The final joint assignment of error contends that the FAA violated the Administrative Procedure Act (APA) when it used an adjudicatory hearing to institute a rule prohibiting the practice of taxiing while passengers are standing. A failure of notice also is charged. We do not agree. The FAA has broad discretion to determine whether to proceed by formal rulemaking or on a case-by-case basis as it addresses safety concerns. In choosing the latter, it committed no error. In SEC v. Chenery Corp., 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995, 2002 (1947) (citation omitted), the Supreme Court stated that:
 
 
 15
 the agency must retain power to deal with the problems on a case-to-case basis if the administrative process is to be effective. There is thus a very definite place for the case-by-case evolution of statutory standards. And the choice made between proceeding by general rule or by individual, ad hoc litigation is one that lies primarily in the informed discretion of the administrative agency.
 
 
 16
 In NLRB v. Bell Aerospace Co., 416 U.S. 267, 294, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134, 154 (1974), the Supreme Court reaffirmed Chenery and held that an agency "is not precluded from announcing new principles in an adjudicative proceeding and that the choice between rulemaking and adjudication lies in the first instance within the [agency's] discretion." Thus, the FAA did not violate the APA by interpreting section 91.9 in an adjudicatory setting. Nor may Miranda and Logan claim lack of notice of the ruling. Southwest Airlines had notice that the FAA considered the conduct at issue to be a violation of section 91.9. In turn, the FAA's position was made known to the pilots through a Southwest Airlines interoffice memo dated April 8, 1985, advising that:
 
 
 17
 The FAA has informed us that they are taking the position that taxiing while passengers are standing in the aisles is a per se violation of FAR 91.9. They further have informed us that in the future, they will take enforcement action against any pilot they believe did so.
 
 
 18
 The next contention is Miranda's claim that the Administrator failed to establish that he held a pilot's certificate and that the ALJ erred in questioning him about it. The argument is without force. There was evidence that Miranda possessed a certificate. Both the flight log and loading schedule, which were introduced in evidence, reflect that Miranda was captain of the crew. Further, because Southwest Airlines conducts flights under FAR Part 121, its captains must hold pilot certificates. Moreover, the ALJ's questioning of Miranda was an attempt to clarify the record. "An ALJ has an obligation to conduct the hearing in an orderly manner and to elicit the truth. He has the right to interrogate witnesses for that purpose." Roach v. National Transp. Safety Bd., 804 F.2d 1147, 1160 (10th Cir.1986) (citations omitted).
 
 
 19
 Finally, Logan, who conceded that he taxied his aircraft with passengers standing, claims that the ALJ erred in rejecting his affirmative defense that he moved his aircraft to avoid a potential collision with another aircraft. Initially the FAA bore the burden of proof. 49 C.F.R. Sec. 821.32. Once the FAA "has established a prima facie case the burden shifts to [the pilot] to prove the validity of any affirmative defense he may have." Administrator v. Sidicane, 3 NTSB 2447, 2449 (1980), aff'd, Sidicane v. NTSB, 698 F.2d 1223 (6th Cir.1982). Once Logan admitted to taxiing with passengers standing, he had the burden of proving his affirmative defense. He offered only his uncorroborated testimony about another aircraft being towed nearby, testimony which the ALJ was free to credit or reject. J.M. Machinery Corporation. This contention is without merit.
 
 
 20
 Finding no reversible error in the Board's rulings, the petitions for review are DENIED.