IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60778
Summary Calendar

_____

RODGER M. ELLIS,

Petitioner,

versus

JANE F. GARVEY, ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION,

Respondent.

_____

Petition for Review of an Order of the
National Transportation Safety Board
(SE-15361)
_____

August 3, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rodger M. Ellis seeks review of the National Transportation Safety Board's ("the Board") order to revoke his airman's certificate. The Board affirmed the judgment of an Administrative Law Judge ("ALJ") finding that Ellis's actions violated 14 C.F.R. §§ 91.111(a), 91.123(b), 91.129(i), and 91.13. Specifically, the Board found that Mr. Ellis had operated his aircraft so close to another aircraft as to create a collision hazard, operated his aircraft contrary to air traffic control instructions, operated his aircraft when appropriate clearance was not received from air

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

traffic control, and operated his aircraft in a careless or reckless manner as to endanger the life or property of another. Ellis contends that the Board erred in affirming the ALJ's ruling because (1) the air traffic controller ("ATC") was operating pursuant to improper procedures, and (2) there was no evidence of actual endangerment.

In reviewing a decision by the National Transportation Safety Board, "[w]e may consider only whether the agency's findings and conclusions were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or 'unsupported by substantial evidence.' " *Miranda v. National Transportation Safety Board*, 866 F.2d 805, 807 (5th Cir. 1989) (quoting 5 U.S.C. § 706(2). The scope of review, therefore, is narrow, and the reviewing court may reverse only upon a finding of a clear error of judgment. *See id.*

Ellis first argues that he should not be penalized for disregarding the ATC's instructions because the ATC was acting pursuant to improper procedures and phraseology. Although the Fifth Circuit has not addressed whether an ATC's errors may excuse the actions of a pilot, other circuits have held that they cannot. The District of Columbia Circuit has found that even when an ATC acts improperly, a pilot still has a duty to receive and handle ATC communications. *See Jackson v. National Transportation Safety Board*, 114 F.3d 283, 287 (D.C. Cir. 1997). Similarly, the Eighth Circuit has held that "even in the face of confusing or inadequate instructions from the control tower, the pilot must, if he can, assure the public safety by requesting clarification before he

proceeds." *Borden v. National Transportation Safety Board*, 849 F.2d 319, 322 (8th Cir. 1988). In *Borden*, as in this case, the petitioner argued not that the ATC lacked the authority to give the instructions, but that he had used improper procedures. *Id.* The evidence here shows that Ellis understood the ATC's instructions but decided to disregard them because he felt that the ATC was not instructing him properly. Further, the Board found that none of the ATC's instructions to Ellis were inconsistent with the proper exercise of the ATC's authority. Even if the ATC had been acting improperly, however, it would not excuse Ellis' disregard of the instructions. We therefore find no abuse of discretion by the Board.

Ellis next contends that his certificate was improperly revoked because there is no evidence of actual endangerment to support the charge that he acted recklessly. The Board has held that a finding of recklessness is comparable to a finding of gross negligence. *See Administrator v. Krueger*, NTSB Order No. EA-4281, 1994 N.T.S.B. LEXIS 308, at *4 (Nov. 10, 1994). Further, even potential endangerment can support a recklessness finding. *See Administrator v. Chason*, N.T.S.B. Order No. EA-3528, 1992 N.T.S.B. LEXIS 47, at *6 (Apr. 9, 1992).

Although Ellis questions the whether the ATC was actually fearful of a potential collision between Ellis's aircraft and another aircraft in the vicinity, the ALJ considered the testimony to be credible and made a finding of recklessness. Credibility is the province of the ALJ and not this Court. *See Borden*, 849 F.2d at 321. The record reflects that the ATC advised Ellis of the

other aircraft and instructed him to continue on his downwind. Ellis proceeded to disregard the ATC's instructions and then land his aircraft without clearance.  We find that there is sufficient evidence to support the ALJ's finding of recklessness.

AFFIRMED.