Randall Lee KING, Petitioner,

v.

**NATIONAL TRANSPORTATION SAFETY BOARD, et al.,
Respondents.**

No. 84–4417.

United States Court of Appeals,
Fifth Circuit.

July 22, 1985.

---

John M. Stuhldreher, Darlene M. Freeman, Raymond R. Baca, Office of Gen. Counsel, Nat'l Transp. Safety Bd., William F. Smith, Atty. Gen., Dept. of Justice, Washington, D.C., for respondents.

Before REAVLEY, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Petitioner Randall Lee King seeks review [1] of an opinion and order issued by the National Transportation Safety Board (the Board) affirming the revocation of his airman's certificate for knowingly operating an aircraft with marijuana on board in violation of section 91.12(a) of the Federal Aviation Regulations, 14 C.F.R. § 91.12(a) (1985). In his petition for review, King argues principally that the Board's action was unreasonably delayed and that the Board's decision is not supported by substantial evidence. We affirm.

On March 11, 1983, the Administrator of the Federal Aviation Administration (the Administrator) issued an order revoking King's airman's certificate on grounds that, *inter alia*,[2] on December 1, 1980, King acted as pilot-in-command of a civil aircraft carrying approximately twenty bales of marijuana aboard, in violation of 14 C.F.R. § 91.12(a) (1985),[3] when the aircraft crash-landed near the Corpus Christi, Texas, International Airport. On March 30, 1983, King appealed the Administrator's order to the Board. Thereafter, the Administrator filed his order of revocation as his complaint before the Board pursuant to 49 C.F.R. § 821.31(a) (1984). King moved

James M. Murphy, Dallas, Tex., for petitioner.

1. This Court has jurisdiction of this petition pursuant to 49 U.S.C. § 1486(a).

2. The order also stated as additional grounds for revocation that the aircraft was operated in a careless and reckless manner and that the plane crashed as a result of fuel exhaustion. *See* 14 C.F.R. §§ 91.9, 91.22(a)(1) (1985). These charges were later dismissed by the Board.

3. The regulation provides in relevant part:

§ 91.12 **Carriage of narcotic drugs, marihuana, and depressant or stimulant drugs or substances.**

(a) Except as provided in paragraph (b) of this section, no person may operate a civil aircraft within the United States with knowledge that narcotic drugs, marihuana, and depressant or stimulant drugs or substances as defined in Federal or State statutes are carried in the aircraft.

for dismissal of the complaint because of the delay between the date of the alleged offense, December 1, 1980, and the date of his notification of proposed certificate action by the Administrator, August 4, 1981. Following a hearing on August 10, 1983, an administrative law judge (ALJ) affirmed the order of revocation. In its opinion and order issued on April 25, 1984, the Board adopted as its own the findings by the ALJ and affirmed the revocation of King's airman's certificate.

■ The "stale complaint rule," 49 C.F.R. § 821.33 (1984), provides that a respondent may move to dismiss a complaint against him if the complaint states allegations of offenses which occurred more than six months prior to the Administrator's notice to the respondent of a proposed action to revoke his certificate. The rule specifically excepts, however, complaints of lack of qualification of the airman. *See* 49 C.F.R. § 821.33(b)(2).[4] Prior decisions by the Board have held that the carriage of drugs in an aircraft in violation of section 91.12(a) is an offense which demonstrates lack of qualification and warrants certificate revocation. *E.g., Administrator v. Franklin,* Order EA–1123, March 31, 1978.

King does not dispute that the complaint in the instant case alleged lack of qualification. Instead, he urges this Court to invoke its review powers under 5 U.S.C. § 706 to set aside the Board's action as unreasonably delayed. Assuming that section 706 "creates mandatory duties on administrative agencies sufficient to set aside agency action as unlawful if 'unreasonably delayed,' § 706 further requires ... a showing of prejudice before agency action can be set aside for its lack of punctuality." *Chromcraft Corp. v. EEOC,* 465 F.2d 745, 747 (5th Cir.1972); *accord EEOC v. Exchange Security Bank,* 529 F.2d 1214, 1216 (5th Cir.1976).

■ Our review of the record in the instant case leads us to conclude that King was not unduly prejudiced by the delay in the Board's action. King was arrested on criminal charges shortly after the December 1980 plane crash. Eight months later, in August 1981, the Administrator notified him of the FAA's proposed action. In October 1981, a Texas state trial court convicted King on charges of possession of marijuana arising from this same incident. Thereafter, the FAA notified King that his airman's certificate was in jeopardy as a result of his conviction. King then suggested to the FAA in a January 1982 letter that further action by the FAA might be premature in light of the fact that he was in the process of appealing his conviction and that the appeal process could take from one to three years. The Administrator subsequently notified King that further action on the proposed revocation of his certificate would be suspended pending the outcome of King's appeal in the Texas state courts. It would thus appear that the prejudice, if any, suffered by King due to the unavailability of witnesses and/or the destruction of evidence,[5] can be attributed in large degree to King himself. Furthermore, the twenty-seven-month delay between the date of the offense, December 1, 1980, and the date of the Administrator's order of revocation, March 11, 1983, does not constitute the "slothfulness. lethargy, inertia or caprice" condemned in *Chromcraft.* 465 F.2d at 748. *But cf. In re French v. Federal Energy Regulatory Commission,* 603 F.2d 1158, 1168 (5th Cir.1979) (seven-year delay between submission of petition for special relief and agency's decision denying relief *per se* unreasonable).

---

**4.** 49 C.F.R. § 821.33(b)(2) provides in relevant part:

> In those cases where the complaint alleges lack of qualification of the certificate holder:
> ....
> If the law judge deems that an issue of lack of qualification would be presented by any or all of the allegations, if true, he shall proceed

to a hearing on the lack of qualification issue only....

**5.** During oral argument before this Court, counsel for King conceded that some of the same witnesses who testified at King's criminal trial testified at the administrative hearing and much of the same documentary evidence was introduced at both proceedings.

King also maintains that substantial evidence does not support the Board's finding that he was the pilot-in-command of a civil aircraft carrying marijuana, in violation of 14 C.F.R. § 91.12(a). The findings of fact by the Board or the Administrator, if supported by substantial evidence, are conclusive. 49 U.S.C. § 1486(e). "As an appellate court reviewing an administrative order, it is not [this Court's] function to reevaluate the weight of the evidence or to reexamine credibility choices made by the finder of fact." *Stern v. Butterfield*, 529 F.2d 407, 409 (5th Cir.1976). The record in the instant case reveals that at the hearing before the ALJ, the Administrator presented the live testimony of a Corpus Christi police officer who investigated the plane crash and that of an eyewitness to the accident. The officer identified, as King's, the voice of the pilot who was communicating with the Corpus Christi Airport Approach Control on the tape recording of communications with the aircraft. The eyewitness, Brian Schmidt, testified that he observed King on the wing of the crashed aircraft, attempting to calm the crowd that was gathering at the crash site. Based on this observation, Schmidt formed the "mental impression" that King was the pilot. The Administrator also introduced documentary evidence showing that King owned the aircraft in question, that King's fingerprints were found on the plane, and that King had been convicted in Texas state court for possession of marijuana in connection with the same incident. In addition, the Administrator introduced an affidavit by one William Einhaus relating that King told Einhaus that he was piloting the plane when it crashed. Clearly, this evidence is sufficient to support the Board's finding that King was the pilot-in-command of a civil aircraft carrying marijuana.

In its decision, the Board held that the Administrator's authority to revoke a certificate and the Board's authority to review and affirm such revocation are not subject to any time limitation. *See* 49 U.S.C. § 1429. In this petition for review, King argues that this holding is in conflict with 5 U.S.C. §§ 555, 706. Because we conclude

that the Board's action in the case *sub judice* was not unreasonably delayed, we do not reach this question.

The order of the Board revoking King's airman's certificate is affirmed. *See* 49 U.S.C. § 1486(d).

AFFIRMED.