UNITED STATES of America

v.

John Lee EVINGER.

Crim. No. A-89-CR-277.

United States District Court,
W.D. Texas,
Austin Division.

May 22, 1990.

919 F.2d 381.

Gerald C. Carruth, Asst. U.S. Atty., Austin, Tex., for plaintiff.

William A. Bowles, Tulsa, Okl., for defendant.

## ORDER

NOWLIN, District Judge.

Before the Court is Defendant's Motion to Dismiss filed March 15, 1990. A hearing on the motion was held March 21, 1990 at which time the Court heard the argument of counsel and received exhibits into the record. Upon review of the motion, the argument of counsel, the exhibits admitted into evidence, as well as the entire file of the case the Court finds said motion has merit and should be GRANTED.

## I. BACKGROUND

Defendant John Evinger is charged in a three-count indictment with flying a single-engine aircraft without a valid airman's certificate, and flying a twin-engine aircraft on two occasions without a valid airman's certificate in connection with the transportation of marijuana all in violation of 49 U.S.C.App.Sec. 1472(b)(1)(E). Evinger moves to dismiss the indictment alleging the conduct charged does not come within the purview of Sec. 1472(b)(1)(E). The government argues Defendant's airman certificate was invalid during the dates charged in the indictment for he did not possess a current medical certificate as required of all pilots by the FAA, nor did his certificate authorize operation of twin-engine aircraft.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

John Evinger was issued a valid airman certificate by the FAA on October 3, 1982 best described as a private pilot license with ratings "airplane single-engine land". In order to exercise the privileges of a pilot certificate, all pilots, with the exception of a balloon or glider pilot, must possess a current valid medical certificate in accordance with Federal Aviation Regulation 61.-3(c). A third-class medical certificate satisfies the requirements of regulation 61.3. Evinger's medical certificate had expired August 21, 1988 long before the incidents occurred in late 1989 as charged in the indictment. With the exception of the expired medical certificate, Evinger has apparently complied with all other regulatory conditions since his airman certificate has remained valid since issuance.

The Court does not agree with the government's position that flying an aircraft with a valid airman certificate, but without a current valid medical certificate, is a felony as contemplated by Sec. 1472(b)(1)(E). In deciding a question of statutory interpretation the Court begins with the words of the statute. In discerning the plain meaning of a statute, the Court must also look to the design of the statute as a whole. *See Sullivan v. Everhart*, 494 U.S. 83, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990). In so doing, where those words are plain and unambiguous the Court need not look to the legislative history for further guidance. *See Phillips v. Marine Concrete Structures*, 895 F.2d 1033, 1035 (5th Cir.1990). For when the terms are clear, the Court must take the intent of Congress "to be that which its language clearly sets forth." *See Id.* at 1035, quoting *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961).

Subsection 1472 was originally enacted in 1958 under the heading "Forgery of certificates, false marking of aircraft, and other aircraft registration violations." As amended to its present form Sec. 1472(b)(1)(E) reads: "[It shall be unlawful for any person] to knowingly and wilfully serve, or attempt to serve, in any capacity as an airman without a valid airman certificate authorizing such person to serve in such capacity." A violation of this subsection carries the penalty of a fine not to exceed $15,000 or a term of imprisonment of not more than three (3) years. Amended

to include an enhancement provision, Sec. 1472(b)(2)(B) subjects an individual convicted under the statute who used the forged certificate, false marking, or altered registration to facilitate the transportation of a controlled substance to a $25,000 fine or a term of imprisonment of not more than five (5) years. While the amended version deals more specifically with the use of unauthorized pilots or aircraft in drug smuggling operations, the subsection heading remains the same, indicating that Congress, in amending the statute, intended to continue prohibiting the use of forged airman certificates, or the fraudulent alteration of an aircraft's registration or markings yet add more specific provisions dealing with drug smuggling. Although the Court finds the meaning of the statute clear, the Court has also found no legislative history indicating Congress intended to include within the scope of this statute persons operating aircraft in violation of certain FAA safety regulations but with an otherwise valid pilot's license. To the contrary, the Court finds the plain language of Congress intended to exclude such regulatory violations from subjection to the criminal penalties of Sec. 1472 by specifically excepting certain subchapters of Title 49 Chapter 20 of the United States Code.

Section 1472 begins stating: "Any person who knowingly and willfully violates any provision of this chapter (except subchapters III, V, VI, VII, and XII of this chapter)." Subchapter VI, entitled Safety Regulation of Civil Aeronautics, contains various provisions governing the issuance of airman certificates and the conditions imposed upon their use. Specifically in Sec. 1422(b)(1) the statute states in part:

> If the Secretary of Transportation finds, after investigation, that such person possesses proper qualifications for, and is physically able to perform the duties pertaining to, the position for which the airman certificate is sought, he shall issue such certificate, *containing such terms, conditions, and limitations as to duration thereof, periodic or special examinations, tests of physical fitness, and other matters as the Secretary of Transportation may determine to be*

> *necessary to assure safety in air commerce.* (Emphasis added.)

49 U.S.C.App. 1422(b)(1). There is also a particular section imposing civil penalties for unlawful acts concerning aircraft in air commerce. Sec. 1430(a)(2) states:

> [It shall be unlawful] for any person to serve in any capacity as an airman in connection with any civil aircraft, aircraft engine, propeller or appliance used or intended for use, in air commerce without an airman certificate authorizing him to serve in such capacity, *or* in violation of any term, condition, or limitation thereof, or in violation of any order, rule, or regulation issued under this subchapter[.]

49 U.S.C. 1430. Reviewing both sections the plain meaning is clear and unambiguous that the valid issuance of an airman certificate is a separate event from those terms, conditions and limitations established for its lawful use. Violation of a term, condition, or limitation, therefore, does not invalidate the certificate to which the term, limitation, or conditions attach.

While the Court does not find it necessary to go beyond the plain meaning of the statute to rule on the motion at issue, the Court is unaware of any cases reporting violations under Sec. 1472(b) that do not involve the use or possession of a forged or altered certificate, or some other fraudulent use of an invalid certificate. This Court is convinced that the noteworthy absence of such cases arises from the fact that Sec. 1472 does not apply in instances where there are no allegations of fraud, forgery, or fraudulent alteration of airmen certificates or an aircraft itself. There are no such allegations evident in this case, therefore, this Court must dismiss the charges against Defendant John Lee Evinger as the indictment fails to allege facts appropriate to invoke criminal penalties pursuant to Title 49 U.S.C.App.Sec. 1472.

III. CONCLUSION

In reviewing Sec. 1472 in its context with the other provisions of its Chapter, the Court finds the plain meaning of the language found in the statute clear and unam-

biguous. This clear expression of Congress recognizes a need to curtail the use of forged or fraudulent airman certificates, or aircraft registration and markings, by drug smugglers seeking to elude the regulatory supervision imposed on pilots operating aircraft in conformity with the law. There is neither evidence nor allegation before this Court that Defendant John Evinger employed fraud or forgery in any way so as to constitute a violation of Sec. 1472. Flying a twin-engine aircraft for which he was not appropriately rated, and flying an aircraft without a current valid medical certificate subject the Defendant to civil penalties pursuant to Sec. 1430, but as the language of Congress indicates, does not merit the criminal penalties imposed by Sec. 1472.

ACCORDINGLY IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED.