**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**John Lee EVINGER,**
**Defendant–Appellee.**

**No. 90–8374**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1990.

LeRoy Morgan Jahn, Gerald C. Carruth, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellant.

William A. Bowles, Tulsa, Okl., for defendant-appellee.

Before GEE, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Defendant–Appellee, John Lee Evinger, holder of an airman certificate authorizing him to act as a private pilot of a single-engine aircraft, was charged in a three-count indictment with one count of serving as a pilot of a single-engine aircraft without a valid airman's certificate, 49 U.S.C.App. § 1472(b)(1)(E), because his medical certificate had expired, and two counts of serving as a pilot of a twin-engine aircraft without a valid airman's certificate in connection with the transportation of marijuana, 49 U.S.C.App. § 1472(b)(1)(E), (b)(2)(B), in connection with incidents alleged to have occurred in July and November of 1989, after the medical certificate had expired. Following a hearing, the district court granted Evinger's motion to dismiss and the government timely filed its notice of appeal. Finding no reversible error, we affirm.

## I.

An airman's certificate was issued to Evinger in 1982, after he complied with all requirements imposed by statute and regulation. That certificate, authorizing Evinger to exercise the privileges of a private pilot, has been neither revoked nor suspended since its issuance. The rating on the certificate authorizes operation of "airplane single-engine land." Evinger's most recent medical certificate was obtained in September of 1986, but expired in September of 1988. The alleged offenses occurred in 1989.

## II.

Defendant was charged by grand jury indictment filed November 21, 1989, with

three separate violations.[1] The specific acts complained of in the indictment were that Evinger operated aircraft "without a valid airman's certificate authorizing him to operate such aircraft." On March 15, 1990, Evinger submitted a motion to dismiss the charges against him, claiming that, as a matter of law, he held a valid airman's certificate at the time of the alleged offenses and that the district court had no authority to enforce a term, condition or limitation of an airman's certificate unless requested to do so by the Federal Aviation Authority in accordance with 49 U.S.C.App. § 1487. Evinger's motion was heard by the district court on April 9, 1990. Following argument of counsel and submission of exhibits, the court took the matter under advisement and, on May 22, 1990, granted Evinger's motion. The district court held that § 1472 provides criminal penalties for forged or fraudulent airmen's certificates, and that operating a twin-engine aircraft while holding a single-engine rating, and flying an aircraft without a medical certificate, were safety violations subject to civil penalties under 49 U.S.C. App. §§ 1430 and 1471(a). The government appealed only the dismissal of counts II and III, piloting a twin-engine aircraft without a valid airman's certificate in connection with the transportation of marijuana.

### III.

The government argues that fraud and forgery are not elements of a violation under 49 U.S.C.App. § 1472(b)(1)(E). It also argues that the medical certificate is an "airman certificate" and therefore flying without one establishes all of the elements of the offense.

Resolution of the issue depends on the proper interpretation of §§ 1471 and 1472. "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *Sullivan v. Ever-*

*hart,* — U.S. —, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990) (quoting *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988)). If the statute is unambiguous, the court does not look beyond its express terms. *Phillips v. Marine Concrete Structures, Inc.,* 895 F.2d 1033, 1035 (5th Cir.1990). " '[W]e must take the intent of Congress ... to be that which its language clearly sets forth.' " *Id.* (quoting *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 352, 81 S.Ct. 1570, 1572, 6 L.Ed.2d 890 (1961)).

Section 1471(a)(1) provides civil penalties for violation of the safety regulations in Subchapter VI; section 1472(a) specifically excludes violations of Subchapter VI from the criminal penalties in that section. The violations the government alleges, flying a twin-engine aircraft when rated for a single-engine aircraft and flying without a valid medical certificate, are violations of the Subchapter VI safety regulations. 49 U.S.C.App. §§ 1421, 1422; 14 C.F.R. §§ 61.-3(a) and (c) (1989). Congress has provided civil penalties for the safety violations alleged, and therefore the district court correctly determined that § 1472 was inapplicable.

The government argues that the medical certificate is an airman certificate, relying on the definition of airman certificate in 49 C.F.R. § 821.1. This definition, however, is specifically limited to that part of the regulations (Practice and Procedure before the National Transportation Safety Board) and is not relevant to this discussion.

The government's reliance on *Bullwinkel v. U.S. Dep't of Transp., FAA,* 787 F.2d 254 (7th Cir.1986) and *King v. National Transp. Safety Bd.,* 766 F.2d 200 (5th Cir. 1985) is also misplaced. *Bullwinkel* holds only that a medical certificate is a license within the meaning of the Equal Access to Justice Act. *Bullwinkel,* at 256–57.

*King* likewise does not support the government's position. In *King* the Federal Aviation Administration had suspended

---

1. 49 U.S.C.App. § 1472(b)(1)(E) makes it an offense to "knowingly and willfully serve, or attempt to serve, in any capacity as an airman without a valid airman's certificate authorizing such person to serve in such capacity; ..."

proceedings to revoke King's pilot license for knowingly carrying marijuana on an aircraft in violation of 49 C.F.R. § 91.12(a) (1985) pending the outcome of his appeal of a state court conviction for possession of marijuana. This court merely held that the delay in bringing the proceedings was not unreasonable under the circumstances.

Under the statutory scheme set forth by Congress, Evinger is subject to the civil penalties under § 1471 for his violations of the safety regulations. He had a valid airman certificate that permitted him to act in the capacity of private pilot and therefore he did not violate § 1472(b)(1)(E). The district court's order dismissing the indictment for lack of jurisdiction is AFFIRMED.