**UNITED STATES of America, Plaintiff,**

v.

**ONE HELICOPTER, Defendant.**

**No. 90 C 6777.**

United States District Court,
N.D. Illinois, E.D.

Aug. 8, 1991.

an unregistered helicopter in violation of 49 U.S.C.App. § 1472(b)(1)(C). The second count charged claimant with allowing unlawful operation of the helicopter by an individual who failed to possess a valid airman certificate, in violation of 49 U.S.C.App. § 1472(b)(1)(E).

*Facts*

Pursuant to a lease-purchase agreement claimant took possession of the helicopter in November 1989. On December 14, 1989, the purchase price was paid in full and seller James Panoff executed a bill of sale. The claimant conducted a title search which, on June 8, 1990, revealed a lien. The lien was later proven to be a mistake. However, upon learning of the lien claimant decided not to register the helicopter as required by 49 U.S.C.App. § 1401(a). On August 3, and August 6, 1990, claimant allowed Richard Randazzo to fly the helicopter. On October 16, 1990 the Drug Enforcement Administration seized the helicopter. The government filed the complaint alleging probable cause to seize and forfeit the aircraft in November of 1990. After the lien was revealed to be a mistake the helicopter was registered by the claimant as owner on January 10, 1991.

*Summary Judgment*

In cross motions both parties have requested summary judgments alleging that no genuine issues of material fact exist. Summary judgment should be rendered:

> If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FRCP 56(c). Under the rules governing summary judgment, the moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A court in ruling on a motion for summary judgment will draw all reasonable inferences from the facts favorable to the non-moving party. *Hermes v.*

Jonathan C. Haile, U.S. Attorney's Office, Chicago, Ill., for plaintiff.

James I. Marcus, Williams & Marcus, Ltd., Chicago, Ill., for claimant.

### ORDER AND OPINION

LINDBERG, District Judge.

Plaintiff, United States of America, and defendant One Helicopter, by claimant Daniel M. Bonnetts, have filed cross motions for summary judgment. Plaintiff filed a two count complaint against One Helicopter seeking forfeiture of the helicopter (U.S. Registration N277ST) pursuant to 49 U.S.C.App. § 1472(b)(3). The first count charged claimant with operation of

*Hein,* 742 F.2d 350, 353 (7th Cir.1984). As the 7th Circuit has said:

> The summary judgment standard "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 213 (1986).

In an in rem action for forfeiture, the applicable statute incorporates the procedures of the customs laws. 49 U.S.C.App. § 1472(b)(3)(A). Under 19 U.S.C. § 1615, the government has the burden of proving probable cause. Having done so, the burden shifts to claimant to establish by a preponderance of the evidence that defendant helicopter is not subject to forfeiture. *United States v. Fleming,* 677 F.2d 602, 609 (7th Cir.1982).

*Count I*

Count I of the complaint alleges claimant's permitting a helicopter, unregistered as required by 49 U.S.C.App. § 1401, to be operated on August 3 and 6, 1990, in violation of 49 U.S.C.App. § 1472(b)(1)(C), which imposes criminal sanctions. The pertinent portion of § 1472(b)(1)(C) provides:

> It shall be unlawful for any person who is the owner of an aircraft eligible for registration under section 1401 of this Appendix, to knowingly and willfully operate, ... or permit any other person to operate such aircraft if such aircraft is not registered under section 1401 of this Appendix ... 49 U.S.C.App. § 1472(b)(1)(C)

Both parties agree that the aircraft was eligible for registration when purchased, and operated with the permission of the claimant, as charged. They also agree that the aircraft was not registered to the claimant as owner under 49 U.S.C.App. § 1401. Two questions remain. The first, a question of law, is whether the claimant "owned" the helicopter, making it eligible for the mandatory registration by claimant, in accordance with 49 U.S.C.App. § 1401. The second question, whether the claimant "knowingly and willfully" violated 49 U.S.C.App. § 1472(b)(1)(C), is a question of fact.

The government has alleged that the helicopter was in fact owned by the claimant for the period beginning December 14, 1989, through the incidents occurring August 3 and 6, 1990. The government has provided the aircraft bill of sale, dated December 14, 1989, as evidence of ownership. It maintains that the mistaken lien did not affect the transfer of title and, therefore, claimant was the owner as of December 14, 1989.

■ Claimant argues he was not the owner in fact on August 3 and 6, 1990. He contends that the seller, Jim Panoff, had not conveyed clear title and that until the lien was found to be a mistake, Panoff remained the owner. Claimant argues that the contract was neither enforceable nor effective until the condition precedent of clear title was performed. Therefore, claimant argues that he was not the owner until the helicopter was free of liens.

■ The legal issue of ownership of title is controlled by state law. See *Northwestern Flyers, Inc. v. Olson Bros. Mfg. Co., Inc.,* 679 F.2d 1264, 1270–71 (8th Cir.1982). When a party has breached the warranty of clear title under Ill.Rev.Stat. ch. 26, ¶ 2–312, the contract for sale is voidable, not void. Under Ill.Rev.Stat. ch. 26, ¶ 2–401(4), title will not revest in the seller until there is a justifiable revocation by the buyer. Claimant has presented no evidence of a revocation. Furthermore, registration of the aircraft is irrelevant as to whether there was a conveyance. 49 U.S.C.App. § 1401(f). Registration in Panoff is not evidence that claimant was not the owner at all relevant times. See *Shacket v. Philko Aviation, Inc.,* 681 F.2d 506, 510 (7th Cir.1982). The court therefore finds that the aircraft was sold by Panoff to claimant December 14, 1989 and as of that date claimant was "owner" of the aircraft which was subject to registration, pursuant to 49 U.S.C.App. § 1401.

■ The government also alleges that the claimant "knowingly and willfully" vio-

lated 49 U.S.C.App. § 1472(b)(1)(C). It argues that claimant knew he was the owner, knew he had not registered the helicopter, and knowingly and willfully permitted it to be operated by Randazzo on August 3 and 6, 1990. The government has not alleged that the aircraft was operated prior to the discovery of the lien.

Claimant denied "knowingly and willfully" violating the statute. In his Claimant's Rule 12(n) Response to Movant's Statements of Facts, the claimant asserts that he had a good faith belief that the aircraft was owned by the now former owner, James Panoff. Accordingly, he allowed the helicopter to be operated believing that the aircraft was registered to its owner as required by 49 U.S.C.App. § 1401. Claimant purchased the aircraft in December of 1989. The lien was discovered in June of 1990, and registration by claimant as owner was finally made in January of 1991. Therefore, the claimant argues that at all relevant times through January 10, 1991, the helicopter's registration was in compliance with 49 U.S.C.App. § 1401 and was not subject to forfeiture for a violation of 49 U.S.C.App. § 1472(b)(1)(C).

■ Under 49 U.S.C.App. § 1401(a) it is "unlawful for any person to operate or navigate any aircraft eligible for registration if such aircraft is not registered by its owner". 49 U.S.C.App. § 1401 in and of itself requires no intent and, therefore, anyone operating, or permitting operation of, an unregistered aircraft is strictly liable for the *civil* penalty found in 49 U.S.C.App. § 1471. However, the government has chosen to pursue the criminal penalty of forfeiture under 49 U.S.C.App. § 1472(b)(1)(C). This statute requires the owner to "knowingly and willfully" violate 49 U.S.C.App. § 1401.

The question of the claimant's knowing and willful violation of 49 U.S.C.App. § 1401 is a question for the trier of fact. The parties cross motions for summary judgment as to Count I will be denied.

*Count II*

A second basis for forfeiture of the helicopter is its use in connection of a violation of 49 U.S.C.App. § 1472(b)(1)(E). Specifically, 49 U.S.C.App. § 1472(b)(1)(E) provides:

> It shall be unlawful for any person—
> * * *
> (E) to knowingly and willfully serve, or attempt to serve, in any capacity as an airman without a valid airman certificate authorizing such person to serve in such capacity;

49 U.S.C.App. § 1472(b)(1)(E).

■ There is no evidentiary support for the contention that Randazzo did not possess a valid airman certificate on the dates at issue. The government has submitted the declaration of Robert Irwin in support of its allegation. Irwin stated that Randazzo did not "possess an airman certificate *authorizing him to operate helicopters*" (emphasis added). However, the declaration does not state unqualifiedly that Randazzo did not possess a valid airman certificate.

The claimant in his "Answer to Admissions," appears to erroneously admit initially that Randazzo did not possess a valid airman certificate. However, a copy of Richard Randazzo's valid airman certificate was submitted among claimant's exhibits. Claimant later clarifies his position in his Claimant's Rule 12(n) Statement of Facts, wherein he states that while Randazzo did not possess a valid airman certificate to operate a rotocraft (helicopter), he did possess a valid airman certificate. This second posture is not inconsistent with the government's evidence set forth in the declaration of Special Agent Robert Irwin, and is consistent with Randazzo being possessed of a valid airman certificate on August 3 and 6, 1990. The record further shows that an FAA examiner issued a rating to fly helicopters on August 7, 1990 to Randazzo. The court infers that without a valid airman certificate the granting of such rating would not be possible. The government has failed to show that Randazzo did not have a valid airman certificate on August 3 and 6, 1990 to support a claim of a violation of 49 U.S.C.App. § 1472(b)(1)(E), permitting forfeiture of the helicopter as being "used in connection

with ... a violation of paragraph (1) ..." under 49 U.S.C.App. § 1472(b)(3)(A).

It is, therefore, apparent to the court from the uncontested documents and exhibits that on the dates in question, August 3 and 6, 1990, Randazzo possessed a valid airman certificate and that Randazzo's operation of the helicopter on August 3 and 6, 1990 was not a violation of 49 U.S.C.App. § 1472(b)(1)(E). Nothing in 49 U.S.C.App. § 1472(b)(1)(E) appears to limit or qualify a valid airman certificate to the various *ratings*. This being the case, the court concludes that, as a matter of law, Randazzo did not violate 49 U.S.C.App. § 1472(b)(1)(E), and the helicopter may not be forfeited on the basis of a violation of 49 U.S.C.App. § 1472(b)(1)(E). See *U.S. v. Evinger*, 919 F.2d 381 (8th Cir.1990). Summary judgment will be entered for claimant and against plaintiff of Count II.

ORDERED: Cross motions for summary judgment denied as to Count I. Judgment for claimant and against plaintiff on Count II.