**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-60085
Summary Calendar
_____

FORESTTEN G. CHERRY,

Petitioner,

VERSUS

NATIONAL TRANSPORTATION SAFETY BOARD and
FEDERAL AVIATION ADMINISTRATION,

Respondents.

_____

Appeal from the United States of America National
Transportation Safety Board
(NTSB EA-13279)
_____

January 9, 1996

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Pursuant to 49 U.S.C. §§ 44709(f) and 46110(a) (1994),[1] appellant seeks review of an order of the NTSB suspending respondent's private pilot certificate for 30 days. We affirm.

Cherry's primary challenge on appeal is that the NTSB acted arbitrarily and capriciously in reversing the ALJ's findings based on a credibility determination. This Court will set aside an action by the NTSB if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]Formerly 49 U.S.C. §§ 1429(a) and 1486(a).

706(2)(A); <u>Miranda v. N.T.S.B.</u>, 866 F.2d 805 (5th Cir. 1989). The Board has plenary review of an ALJ's ruling and is the ultimate finder of fact, even as to credibility. <u>Chirino v. NTSB</u>, 849 F.2d 1525, 1532 (D.C.Cir. 1988) But, the Board's own policies dictate that an ALJ's credibility determination will not be disturbed unless the ALJ acted arbitrarily and capriciously, there exists a compelling reason to overturn or a clear error, the testimony is inherently incredible, or the decision is not supported by the weight of the evidence. <u>See Chirino</u>, at 1530.

In this case, the Board found that the ALJ's decision was "fatally flawed" by an error of fact that two flights had occurred. The two flights in the original complaint referred to the flight to the farm and the flight from the farm -- not two separate flights to the farm. The determination of this case rested on a credibility determination of two witnesses, Ms. Cherry and Mr. Davis, the caretaker of the horses, of the circumstances surrounding the takeoff of the helicopter. The ALJ essentially rejected Mr. Davis' testimony on the basis that Ms. Cherry would have not flown back a second time if his version were correct.[2]

_____

[2] After hearing all the testimony, the ALJ believed Ms. Cherry's version and reasoned:

> Sort of as a factor that turns this around for me and not really turns it around, the Administrator has the burden of establishing these allegations by [a] preponderance of the evidence. And preponderance of the evidence means . . . that evidence which seems more probably true than not true. And if Mr. Davis had advised these folks that they had injured some horses with the noise of the helicopter, that there was a continuing problem, that they shouldn't takeoff or that they had better go talk to the owners, because they are responsible for it, they wouldn't have flown back that day. Like I said, there hasn't been any testimony except an admission that they did come back a second time. And you know, I am convinced

2

Thus the Board made a reasonable conclusion based on the record and found a compelling reason, a clear error, to overturn the ALJ's credibility ruling. The Board did not act arbitrarily and capriciously or outside its own policy. We affirm its action.

Ms. Cherry also contends that the NTSB erred in finding that the takeoff of the helicopter was in violation of FAR 91.13(a). "As long as the findings of fact of the Board are supported by substantial evidence, they must be affirmed." Woolsey v. NTSB, 993 F.2d 516, 521 n.16 (5th Cir. 1993); King v. NTSB, 766 F.2d 200, 203 (5th Cir. 1985). However, when the Board has rejected credibility determinations of the ALJ, the Court subjects the record to particular scrutiny. "Review is heightened not because the standard differs but because evidence supporting a conclusion is likely to be less substantial when the ALJ's conclusion differs from that of the agency." Pennzoil Co. v. FERC, 789 F.2d 1128, 1135 (5th Cir. 1986); Ward v. NLRB, 462 F.2d 8, 12 (5th Cir. 1972).

In this case, even though the Board found from the ALJ's oral decision that he credited Ms. Cherry's testimony over Mr. Davis because he believed she had flown back a second time, the Board's

---

that there was [not] a problem, or they wouldn't come back that second time. So, I don't find that there was careless or reckless operation when the aircraft took off.

Also, later the ALJ stated that the Administrator had not established carelessness and recklessness by a preponderance of the evidence and dismissed the suspension, and again reasoned:

But I believe that if that problem [the injured horse], even after it was identified, had not been solved, these folks would not have flown back over there that day. And so I think the Administrator's evidence has not established by a preponderance of the evidence, reckless and careless operation.

3

own credibility assessment must be supported by evidence in the record.

The Board found that Ms. Cherry was, or should have been, on notice after the landing that there were horses in the area, horses had been injured upon her landing, and horses could be spooked by helicopter operations.  The Board concluded that Ms. Cherry should have investigated before takeoff.  The Board believed Mr. Davis' testimony, finding his actions more reasonable under the circumstances and his testimony corroborated by others.  Ms. Kurtz, an independent bystander, reported that the horses were spooked by the landing of the helicopter.  The injuries to the horses were corroborated by the horse owner and vet bills.  Ms. Cherry had testified to knowing of at least one injured horse.  Given Ms. Cherry's part in injuring the horses, the Board found unlikely Ms. Cherry's testimony that Mr. Davis would cheerfully invite her to return and tell her it was fine for her to leave.  The Board's finding is supported by substantial record evidence.  The order of the NTSB is therefore

AFFIRMED.