DENNIS, Circuit Judge,
concurring in part and dissenting in part:
While I join the majority in affirming the district court on the Franks hearing and jury instruction issues, I respectfully dissent as to the denial of a Kastigar hearing. Because I believe the Louisiana legislature intended for article 433(A)(2) of the Louisiana Code of Criminal Procedure to provide immunity to all non-target witnesses, I would require the district court to hold a Kastigar hearing to determine if there was an independent source for the information supplied by Martin’s state grand jury testimony.
As the majority acknowledges, article 433(A)(2) is ambiguous. Therefore, we may look beyond the language of the statute to determine the legislature’s intent in passing this provision. In re Greenway, 71 F.3d 1177, 1180 (5th Cir.1996) (“Only if the term is ambiguous will we proceed beyond the language as written.”); U.S. v. Evinger, 919 F.2d 381, 383 (5th Cir.1990). The language of the statute could, standing alone, support a broad application of immunity. But when one considers the public policy in favor of encouraging grand jury testimony and the statute’s legislative *836 history, it is even more evident that the legislature intended that the provision would immunize all non-target witness testimony. This interpretation is further supported by the fact that the majority’s approach will distinctly disadvantage non-target witnesses and will have a chilling effect on grand jury testimony.
For these reasons, I disagree with the majority’s contention that the provision covers only target witnesses instead of all grand jury witnesses, both target and non-target. It is true that article 433(A)(2) allows only target witnesses and non-target witnesses who later become targets to have counsel present in the grand jury. But the provision also provides that non-target witnesses may not have an attorney present unless they become a target. Article 433 concerns “Persons present during grand jury session” and provides that only persons expressly named are allowed in grand jury proceedings. La.Code Crim. Proc. 433(A)(1). By only allowing counsel for target witnesses, the provision necessarily excludes counsel for non-target witnesses. Accordingly, when the last sentence of the article 433(A)(2) provides for immunity to “testimony obtained under the provisions of this Subparagraph,” it immunizes non-target witnesses, including those who later become targets at subsequent proceedings.
The statute does not limit itself to situations in which a “witness becomes a target because of his testimony while testifying.” Instead, it discusses when a “witness becomes a target because of his testimony,” and “a witness who later becomes a target.” Both phrases are expansive, indicating an intention to cover non-target witnesses who later become targets in a proceeding other than the immediate grand jury session.
This interpretation is consistent with the public policy of promoting grand jury testimony, which has been expressed by both the legislature and the Louisiana Supreme Court. Promoting testimony is one of the prime justifications for the secrecy of grand jury proceedings. La.Code Crim. PROC. 433 cmt. (“Some of the more important reasons for the secrecy of grand jury meetings ... are: ... to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes.”); In re Grand Jury, 737 So.2d 1, 6 (La.1999) (quoting Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-19, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) (“[W]e have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings.... [I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward.”)). The concerns about grand jury testimony are primarily focused on non-target witnesses. See State v. Poland, 782 So.2d 556, 560 (La.2001) (holding that the “considerations for the legislative mandate of [grand jury] secrecy clearly are designed primarily for a non-target witness and are not significant when a target of the investigation voluntarily testifies before the grand jury with counsel present.”). Immunity for non-target witnesses, as much as grand jury secrecy, furthers the goal of encouraging these witnesses to testify.
Further, the legislative history confirms that article 433(A)(2) provides immunity for all non-target witnesses. Before the legislature enacted this provision, it changed the last sentence from “Any evidence or testimony obtained in violation of this provision shall be inadmissible at trial on any criminal charges arising out of said grand jury investigation” to “Any evidence or testimony obtained under the provisions of this Subparagraph from a witness who later becomes a target shall not be admissible in a proceeding against him.” Amendment to H.R. 901, Official Daily *837 Journal of the La. State Senate, p. 34, June 26, 1986.
The legislature, by changing “arising out of said grand jury investigation” to “in a proceeding against him,” broadened the language to include immunity for proceedings besides the immediate grand jury meeting. This explanation, which the majority concedes is “not unreasonable,” is consistent with and supports an interpretation of the statute that immunizes all non-target witnesses.
The majority contends that this change is consistent with its interpretation because it only means that now no violation is needed before immunity attaches. Although it is true that no violation is needed before immunity attaches, the majority does not explain how its narrow approach is consistent with the legislature’s expansion of the proceedings in which a non-target witness has immunity.
The other procedural change made before enactment further supports the application of immunity to all non-target witnesses. As originally drafted, the statute granted all witnesses the right to have counsel present at the grand jury proceeding while they were providing testimony. Amendment to H.R. 901, Official Journal of the La. House of Representatives, pp. 11-12, 34-35, May 23, 1986. But before enactment, the statute was changed to limit the right to counsel to target witnesses only. The only reasonable explanation for this change is that the legislature believed that non-target witnesses did not need counsel present because blanket immunity prevented a non-target witness from being harmed by his own testimony. Thus, the legislative history doubly supports the conclusion that the legislature intended to immunize the testimony of all non-target witnesses.
This interpretation is confirmed when one considers the problems the majority’s approach will present. Under the majority’s interpretation, non-target witnesses will be at a severe disadvantage and receive far less protection than target witnesses. Although non-target witnesses subpoenaed to testify at grand jury proceedings can still invoke their Fifth Amendment privilege against self-incrimination, they, unlike target witnesses, will not have counsel present to advise them of when to invoke this right. Additionally, if they do not invoke these protections, their testimony can be used against them at any subsequent proceeding, even if they are not aware that they are being targeted. Finally, prosecutors will be able to use the grand jury process to interrogate witnesses without the presence of counsel and then use that testimony against the witness in any subsequent proceeding. This power is extensive because a prosecutor can always convene a new grand jury or initiate criminal proceedings with a bill of information, thus bypassing the extremely limited immunity under the majority’s cramped interpretation of the statute. These consequences will cause non-target witnesses to be exceedingly reluctant to testify for fear of future prosecution and will make it difficult to encourage open and honest grand jury proceedings, which is a primary basis for the process. There is no indication that the legislature ever contemplated that this would be the result of passing the statute.
For the foregoing reasons, I believe the legislature intended for article 433(A)(2) to provide immunity to all non-target witnesses, including those who later become targets in any subsequent proceeding. Because Martin falls within this category, I would reverse the district court’s denial of a Kastigar hearing and remand so that this hearing can take place.