RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0147p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee*,

    *v.*

DELBERT GARFIELD STEWART,

                *Defendant-Appellant*.

Nos. 22-3682/3881

───────────────

Appeal from the United States District Court for the Northern District of Ohio at Akron.
No. 5:21-cr-00371-1—Solomon Oliver, Jr., District Judge.

Decided and Filed: July 10, 2023

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:** Paul M. Flannery, FLANNERY GEORGALIS LLC, Cleveland, Ohio, W. Benjamin Reese, FLANNERY GEORGALIS LLC, Columbus, Ohio, for Appellant. Damoun Delaviz, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

LARSEN, Circuit Judge. The Federal Aviation Administration (FAA) temporarily suspended Delbert Stewart's private pilot airman's certificate, but Stewart kept flying his plane. So the FAA permanently revoked Stewart's airman's certificate. Still, Stewart kept flying. Now Stewart challenges his criminal conviction for flying without authorization. We AFFIRM.

I.

Stewart obtained his private pilot airman's certificate in 1978 and flew without incident for decades. *See* 14 C.F.R. § 61.113(a) (describing the private pilot certificate). But Stewart came to the FAA's attention in 2013, when he flew at altitudes and in weather conditions for which he was not authorized. The FAA notified Stewart that the agency planned to suspend his airman's certificate and gave him four options of how to respond: (1) surrender his airman's certificate and begin the 180-day suspension immediately; (2) submit information showing that he had not violated the regulations; (3) request to discuss the matter informally with an FAA attorney; or (4) request that the order be issued so that Stewart could appeal to the National Transportation Safety Board. Stewart did not exercise any of these options; instead he sent the FAA a letter stating his belief that the agency lacked jurisdiction over private pilots.

The FAA officially suspended Stewart's airman's certificate in February 2014. The 180-day suspension was to start when Stewart surrendered his certificate; but Stewart never turned in his certificate or appealed the suspension. The FAA assessed a $5,000 civil penalty on Stewart for failure to turn in his certificate, but Stewart kept flying. When he failed to properly deploy his plane's landing gear a few years later, the FAA again investigated Stewart and flagged his plane for inspection. Stewart did not comply with the inspection requirements, and the FAA suspended the airworthiness certificate for his plane. Still, Stewart kept flying, though he now had neither a valid airman's certificate nor a valid airworthiness certificate for his plane. On another flight, Stewart again landed his plane with the landing gear up. So the FAA revoked Stewart's airman's certificate in October 2019. In May 2020, the FAA again assessed a $5,000 civil penalty for Stewart's failure to surrender his airman's certificate. But that didn't stop Stewart either; he completed at least two more flights after that.

In May of 2021, a grand jury indicted Stewart on three counts of "knowingly and willfully serv[ing] . . . as an airman without an airman's certificate authorizing the individual to serve in that capacity." 49 U.S.C. § 46306(b)(7). Each count was tied to a particular flight Stewart flew with a suspended or revoked airman's certificate. Stewart moved to dismiss the indictment, arguing that § 46306(b)(7) did not cover his conduct. Stewart posited that he was not "without" an airman's certificate because he still had physical possession of his; and, in

Stewart's view, the statute did not require that the certificate be valid. The district court denied Stewart's motion to dismiss, reasoning that "the statute unambiguously requires airmen to have a certificate that *authorizes* them to serve in that capacity," and Stewart's suspended or revoked certificate did not do so. Pursuant to a plea agreement, Stewart entered a conditional plea to one count of the indictment, reserving the right to appeal the denial of his motion to dismiss. Stewart was sentenced to two years of probation. This timely appeal followed.

II.

Stewart argues that the statute charged in the indictment—49 U.S.C. § 46306(b)(7)—does not reach his conduct. Because Stewart's challenge involves a question of statutory interpretation, we review de novo. *See United States v. Jackson*, 995 F.3d 522, 524 (6th Cir. 2021).

Our review begins with the statutory text. *See id.* When that text is clear, "this first step of the interpretive inquiry is our last." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019). Stewart was charged under 49 U.S.C. § 46306(b)(7), which reads: ". . . a person shall be fined under title 18, imprisoned for not more than 3 years, or both, if the person . . . knowingly and willfully serves or attempts to serve in any capacity as an airman without an airman's certificate authorizing the individual to serve in that capacity." Giving those terms their plain meaning, a revoked or suspended certificate cannot authorize someone to fly.

To "authorize" means "to give official permission for something to happen, or to give someone official permission to do something." Authorize, *Cambridge Dictionary*, *available at* https://dictionary.cambridge.org/us/dictionary/english/authorizing (last visited July 6, 2023); *see also* Authorize, *Merriam-Webster*, *available at* https://www.merriam-webster.com/dictionary/authorize (last visited July 6, 2023) (defining the term as "to endorse, empower, justify, or permit by or as if by some recognized or proper authority . . . ;" "to invest especially with legal authority"). Authorizing is the present participle of authorize, which means that it "expresses present action." Present Participle, *Merriam-Webster*, *available at* https://www.merriam-webster.com/dictionary/present%20participle (last visited July 6, 2023). So the text clearly required Stewart to have official permission to fly at the time of the flights in

question—it does not matter that he had permission at some earlier date. That official permission had to come from the FAA. *See* 14 C.F.R. § 61.13. The FAA had suspended or revoked Stewart's airman's certificate when Stewart flew each of the charged flights. FAA regulations make clear that a suspended or revoked certificate is not "valid," and "must" be returned to the FAA. 14 C.F.R. § 61.19(a)(2), (f). Because Stewart's suspended or revoked certificate was not valid, it could not have served as Stewart's official permission—that is, authorization—for Stewart to serve as a private pilot at the time of the charged flights. Stewart's conduct therefore is properly covered by 49 U.S.C. § 46306(b)(7), and the district court did not err in denying his motion to dismiss.

Stewart's arguments to the contrary are unavailing. He argues that he was not "without an airman's certificate" because he had one in his possession; its validity he says is irrelevant because the statute does not say that a certificate must be "valid." But this reading ignores the rest of the text, which requires a "certificate *authorizing* the [airman] to serve in that capacity." 49 U.S.C. § 46306(b)(7) (emphasis added). To focus on mere possession would read "authorizing" out of the statute. But "every word . . . is to be given effect in a statute," and we should avoid "interpretations that cause words to have no consequence." *United States v. VanDemark*, 39 F.4th 318, 325 (6th Cir. 2022) (citation omitted). To give "authorizing" meaning, the airman's certificate must give the pilot permission to fly the plane.

It makes no difference that a prior version of the statute expressly required a "valid" certificate "authorizing" flight. *See* 49 U.S.C. App. § 1472. An *invalid* certificate could never grant "authoriz[ation]," so when Congress removed the term as part of a recodification project, it could not have meant that an invalid certificate would do. For the same reason, we are not persuaded by Stewart's attempt to draw a negative inference from the fact that two differently structured provisions of the statute expressly criminalize flying aircraft with "suspended or revoked" registrations. *See* 49 U.S.C. § 46306(b)(5)–(6). The provision at issue in Stewart's case pegs criminal liability to "knowingly and willfully" flying "without an airman's certificate *authorizing*" him (in the present) to do so. *Id.* at § 46306(b)(7) (emphasis added). A suspended or revoked certificate does not provide such permission.

Stewart argues that two district court cases support his contention that criminal liability turns on "whether a pilot has an airman's certificate that was issued to him, not whether the FAA may have suspended that certificate." Appellant's Br. at 21–22 (citing *United States v. Evinger*, 761 F. Supp. 42, 43 (W.D. Tex. 1990) and *United States v. One Helicopter*, 770 F. Supp. 436, 439–40 (N.D. Ill. 1991)). But these cases neither bind nor persuade us. Neither involved a suspended or revoked airman's certificate, a point the Fifth Circuit emphasized in affirming the district court's dismissal of the indictment in *Evinger*. *See United States v. Evinger*, 919 F.2d 381, 384 (5th Cir. 1990) ("[Evinger] had a valid airman certificate that permitted him to act in the capacity of private pilot and therefore he did not violate [the statute].").

Stewart's argument that his misconduct must be treated as a purely civil matter is also unpersuasive. Congress routinely makes criminal and civil consequences available for similar conduct. Consider, for example, statutes proscribing drug distribution, *compare* 21 U.S.C. § 841 (criminal) *with* 21 U.S.C. § 842 (civil), submission of false claims upon or against the United States, *compare* 18 U.S.C. § 287 (criminal) *with* 31 U.S.C. § 3729 et seq. (civil), and misconduct by law enforcement, *compare* 18 U.S.C. § 242 (criminal) *with* 42 U.S.C. § 1983 (civil). Stewart has not explained why such schemes are impermissible.

Finally, as explained above, the text of the criminal statute here plainly covers Stewart's conduct. That dooms his resort to lenity. *See Shular v. United States*, 140 S. Ct. 779, 787 (2020) (explaining that the rule of lenity applies only to an "ambiguous statute" (citation omitted)).

Because the indictment alleged conduct satisfying every element of 49 U.S.C. § 46306(b)(7), the district court did not err in denying Stewart's motion to dismiss.

\* \* \*

We AFFIRM.